been kept, the persons named therein as purchasers or sellers have denied that they had ever made any such transactions. Under such circumstances, it is not to be wondered at that a customer of a broker's firm should like to investigate a little further into the transactions of his agents. It appearing in cases, where notices have been kept, that there is reason to suppose that the transactions never took place, the attempt to ascertain whether any, and if so, what other transactions are of the same fraudulent character, cannot be said simply to be an attempt to find out whether there is a cause of action. The defendants were Eno's agents. He had no personal knowledge as to these transactions, and necessarily relied upon the good faith and honesty of such agents; and where he has good ground to suspect such good faith, he should be afforded an ample opportunity for investigation. If these transactions were in good faith, the examination can do no harm, but if they, or any one of them, were fraudulent, it affords the only means by which the plaintiff can prove them to be so.

" The order directing the examination of the defendants before trial should, therefore, be affirmed, with costs and disbursements."

*Joseph H. Choate*, for the appellants.

*A. R. Dyett*, for the respondent.

Opinion by VAN BRUNT, P. J.; DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with costs and disbursements.

---

NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Respondent, v. JONATHAN ODELL and Others, Appellants.

*In an action of interpleader the amount due to the plaintiff cannot be the subject of controversy — the distinction between strict actions of interpleader, determining only legal rights, and actions in the nature of interpleader, affording equitable relief, stated — a claimant will not be required to separate his claim and enforce it in two separate actions.*

APPEAL from an order made at Special Term, dated, and entered in the office of the clerk of the county of New York, on October 1,

1888, continuing an injunction restraining the defendants from suing the plaintiff for the recovery of any sum "which may be due upon a certain policy of. life insurance in the complaint mentioned and described."

Besides the two Odells and Mills, there were two other defendants, Mrs. Hannah S. Brick, the payee named in the policy, who has answered, but not appealed, and Robert Campbell, who was in default. The defendants Odells and Mills claimed that they were entitled to the policy and its proceeds under an assignment made by Mrs. Brick to Campbell, and by Campbell to them. Mrs. Brick disputed the validity of the assignment, relying upon *Eadie* v. *Slimmon* (26 N. Y., 9). The policy insured the life of her husband. In a suit between her and Campbell, in the Superior Court of this city, judgment had been entered against her upon this point. An appeal therefrom is now pending in the Court of Appeals undetermined.

The plaintiff commenced this action of interpleader against the said defendants, and obtained an order . restraining the defendants Odells and Mills from commencing, continuing or prosecuting their second suit, which order was continued until the trial of this action. Upon the argument of the motion below, it appeared that the defendants Odells and Mills claimed more than the other defendants, and more than the plaintiff admitted to be due; namely, certain dividends payable to members of the plaintiff, which is a mutual insurance company.

The court at General Term said : "The fact (which is conceded by the respondents) that the sum which the plaintiff is willing to pay is not the sum which the defendants and appellants claim is fatal to the maintenance of this action. (*Baltimore and Ohio R. R. Co.* v. *Arthur*, 90 N. Y., 235.) In this case the principle is distinctly enunciated that, in an action of interpleader the amount due from a plaintiff cannot be the subject of controversy, and this seems to be simply restating a rule which appears always to have prevailed.

"It is urged, in answer to this objection, that because the appellants claim more than the plaintiff admits to be due, the case is thereby turned into an action in the nature of an interpleader. We have failed to find any such principle laid down in the cases stating the distinctions between strict actions of interpleader and actions in the nature of interpleader. In strict actions of interpleader legal

rights are only enforced, in actions in the nature of interpleader equitable relief in addition is sometimes given, and that seems to be the whole of the distinction. The respondent, however, claims that the rule above stated does not apply, because the appellants could maintain a separate action for the part of the claim which is disputed by the plaintiffs. It would seem that if the owner of a policy of life insurance should attempt to maintain one action upon the policy for the amount insured, and another action for the dividends which had been declared upon the policy, an objection that the owner of claims, arising upon a single policy of insurance, could not split up his demands would be fatal to one or other of the actions. It would be like binging one action to recover the principal of a bond and another to recover the interest which had accrued. In the case of the *City Bank* v. *Bangs* (2 Paige Ch., 570) the claims there referred to were separate and distinct, and separate actions could be maintained upon them.

" The order appealed from should be reversed, and the injunction vacated, with ten dollars costs and disbursements."

*George W. Van Slyck*, for the appellants.

*Roger Foster*, for the respondent.

Opinion by VAN BRUNT, P. J.; BRADY and MACOMBER, JJ., concurred.

Order reversed and injunction vacated, with ten dollars costs and disbursements.